LACOMBE, Circuit Judge.
The decision of this motion lies within a much narrower compass than the argument. The situation is this: A trust was created by written agreement of individuals. By virtue of such trust, one Coe, now deceased, held certain property, real and personal. The personal property is in this district; the real estate is in Oregon. The legal title to such real estate at Coe’s death was in him. All parties interested in such trust, or in its continuance, or in its funds, are parties to this suit. Complainant asked the court to appoint a trustee to continue the administration of the trust. Defendants resisted the application, contended that the trust terminated on the death of Coe, and that the property should be distributed to those entitled to it. This court refused to pass upon the question whether or not the trust had terminated, upon preliminary application, reserving it for final hearing. The personal property in this district, however, was in the possession of the executors of Coe, who wished to be relieved from its custody. An order was therefore made appointing a receiver of such property, to hold the same until termination of the suit. It now appears that the real estate in Oregon needs some one to conserve it pending this litigation; that portions of it have been, or are about to be, sold for taxes; and that portions of it could be rented if some one had authority so to do. The Oregon courts seem powerless to act, for the reason that nearly all the parties reside elsewhere, and no suit has been brought there. The receiver’s appointment here gives him no title to the Oregon lands. Inasmuch as no statute of Oregon to the contrary is shown, it may be assumed that the legal title to the real estate there passed to Coe’s children, to be held by them until a new trustee might be appointed, or the property turned over to the beneficiaries. The children of Coe do not wish to be burdened with this property, and there is no reason why they should be. No new trustee should be appointed until it is determined at final hearing whether or not there is any trust to administer, but in the meanwhile there should be some one authorized to look after the prop *596 erty. It is suggested that a conveyance by the children of Coe to tbe receiver will give him sufficient authority, which would be recognized in Oregon. If it be the law in Oregon that tbe heirs at law of a deceased trustee succeed to tbe legal title of real estate held by him, and that, upon their declination to act, the court, all parties being present, may, by proper decrees, effect a conveyance of the trust estate to a new trustee, it would seem that the court would have abundant authority to place such estate in the hands of a temporary trustee, to wit, its receiver, until it determined whether a permanent new trustee should or should not be appointed. If, on the contrary, as complainant contends, it be the law of Oregon that the legal title to such real estate as a decedent may die seised of does not pass to his heirs when impressed with a trust, or that upon their declining to act as trustees it ceases to be in such heirs, and is thenceforth in nuhibus, undoubtedly such conveyance from the-heirs of Ooe to the receiver will give him nothing. But it is not thought that this difficulty will be found to exist. Certainly this-court should do what it can towards preserving the trust funds, and whether its orders and the conveyances under them will give the receiver sufficient authority in Oregon to hold and manage the real estate must eventually be decided by the courts in the state where the land is situated. The heirs of Coe therefore are directed to convey to the receiver, as prayed in the petition.
Complainant concedes the desirability of having some one appointed to look after tbe Oregon real estate, and, since he l:as not moved in that state, he evidently assumes that this court has such power of appointment. The fundamental difficulty with his practice, however, is that he expects this court to decide the main question in dispute upon affidavits on preliminary hearing, to hold that there is an existing trust, and to appoint a trustee, whereas it is tlieuniform practice in this district not to decide such questions on motion, but to reserve them for final hearing on pleadings and proofs, the court meanwhile merely preserving the status quo by injunction,, receiver, or otherwise. Motion granted in the main action.